Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*FoxMind Canada Enterprises Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOXMIND CANADA ENTERPRISES LTD.,<br><br>*Plaintiff*<br><br>v.<br><br>CHANGSHA FUSHENG TRADING CO., LTD., CHANGSHA RUNFENG ELECTRONIC COMMERCE CO., LIMITED, CHANGZHOU XICHEN DIAO TEXTILE CO., LTD., CHENGDU LANPINSHENG INTERNATIONAL TRADE CO., LTD., CHONGQING MENGYIGOU ELECTRONIC COMMERCE CO., LTD., CHONGQING ZHENGFENG TECHNOLOGY CO., LTD., CUTIECARE STORE, DONG GUAN BOUTIQUE LIVING PRODUCT CO., LTD., DONGGUAN BOGAO SILICONE PRODUCTS CO., LTD., DONGGUAN CITY REWIN GIFT COMPANY LIMITED, DONGGUAN MEINUO CRAFTS CO., LTD., DONGGUAN QIAOTOU DONGSHANG SILICONE RUBBER MOLD PRODUCTS FACTORY, DONGGUAN SANCAI PAPER CO., LTD., DONGGUAN SHENGDAO SILICONE RUBBER PRODUCTS CO., LTD., DONGGUAN SHERO SPORTS GOODS CO., LTD., DONGGUAN TIANWEI PRECISE SILICONE PRODUCTS CO., LTD., DONGGUAN T-NICE SILICONE | CIVIL ACTION NO.<br>22-cv-885 (VSB)<br><br>~~[PROPOSED]~~<br>**PRELIMINARY INJUNCTION ORDER** |

TECHNOLOGY CO., LTD., DONGGUAN USTAR GIFTS CO., LTD., DONGGUAN WELLFINE SILICONE PRODUCTS CO., LTD., DONGGUAN XINYUE TECHNOLOGY CO., LTD., DONGGUAN YOUHANG RUBBER & PLASTIC PRODUCTS CO., LTD., DONGGUAN ZHENCAI TRADING CO., LTD., ~~DONGYANG RUIFENG COMMODITY CO., LTD.,~~ FOSHAN JANMART DECORATION MATERIALS COMPANY LIMITED, FOSHAN LQJP TRADING CO., LTD., FOSHAN QUZHONGDAI ELECTRONIC TECHNOLOGY CO., LTD., FUJIAN TUOJIANG IOT TECHNOLOGY CO., LTD., GUANGZHOU RHING TRADING CO., LTD., GUANGZHOU SUNUP HOUSEWARE CO., LTD., GUANGZHOU YIMAI TRADING CO., LTD., HAINING HONGMO TECHNOLOGY CO.,LTD., HAINING JINHU IMPORT & EXPORT CO., LTD., HANGZHOU DONGWANG TECHNOLOGY CO., LTD., HANGZHOU TONGHE TOYS CO., LTD., HANGZHOU WATERSY HOUSEWARE PRODUCTS CO., LTD., HANGZHOU YISHANG CLOTHING CO., LTD., HANGZHOU ZHULIANBIHE CROSS BORDER E-COMMERCE CO., LTD., HANGZHOU ZIRUI TRADING CO., LTD., HENAN 1ST CENTURY ROBOT CO., LTD., HUIZHOU DINGLI SILICONE RUBBER PRODUCTS CO., LTD., HUIZHOU HUAYUSI TECHNOLOGY CO., LTD., HUIZHOU SUAN TECHNOLOGY CO., LTD., I AM GROOT STORE, JI'AN ZHICAI PACKING PRODUCTS CO., LTD., JIANGXI RUIDA SHANGDIAN GARMENT CO., LTD., JINHUA SUOYI E-COMMERCE CO., LTD., JINHUA YIFAN ARTS AND CRAFTS CO., LTD., JINJIANG ODEN IMPORT&EXPORT CO., LTD, KEZAN STORE, KUNSHAN CHUANGHESHUANG AUTOMATION EQUIPMENT CO., LTD., MYSTICAL WISDO STORE, NANJING LITAMEI ENVIRONMENTAL PROTECTION EQUIPMENT CO., LTD., NINGBO BEILUN HAPPYFOAM CRAFT CO., LTD., NINGBO SEASONS IMPORT AND EXPORT CO., LTD., NINGBO VANCHAM BAGS & GIFTS CO., LTD., NINGBO YINZHOU YUANJUN IMP. & EXP. CO., LTD., NO STRESS STORE, POP IT OFFICIAI STORE, POPFIDGET TOY STORE, PROTECT HEALTHY STORE, QUALITY BOUTIQUE STORE, QUANZHOU NUMBERONE TEXTILE TECHNOLOGY CO., LTD., QUANZHOU RIQUAN

TRADING CO., LTD., SHANDONG RUNYANG SUPPLY CHAIN MANAGEMENT CO., LTD., SHANGCHENG COUNTY HAIBAODA TRADING CO., LTD., SHANGHAI QICHANG TRADING CO., LTD., SHANGHAI YEXIANG NETWORK TECHNOLOGY LIMITED COMPANY, SHANTOU CHENGHAI HAIPENGDA PLASTIC TOYS CO., LTD., SHANTOU CITY CHENGHAI AREA YICHENG TOYS FACTORY, SHANTOU CITY LONGHU DISTRICT I WANT TO PLAY TOY WHOLESALE DEPARTMENT, SHANTOU HONGTIAN ENVIRONMENTAL PROTECTION TECHNOLOGY CO., LTD., SHANTOU QILONG TOYS CO., LTD., SHANTOU SUNYOK TOYS TECHNOLOGY CO., LTD., SHENZHEN CYMAY GIFTS & PACKAGING FACTORY, ~~SHENZHEN DINGFENG CHUANGYI TECHNOLOGY CO., LTD.~~, SHENZHEN EKARICH INDUSTRIES CO., LTD., SHENZHEN EMIRY TRADING COMPANY LTD., SHENZHEN FANDTAI TECHNOLOGY COMPANY LIMITED, SHENZHEN FUTIAN DISTRICT YIDETONG TRADE FIRM, SHENZHEN GUANGMING QIYEHE TRADING FIRM, SHENZHEN HANWAN FOREIGN TRADE CO., LTD., SHENZHEN HAODAXIN TECHNOLOGY CO., LTD., SHENZHEN HENG YI XIN TECHNOLOGY CO., LTD., SHENZHEN HENG YOU FENG ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN JING TIAN HOUSEHOLD COMMODITY CO., LTD., SHENZHEN KAICHUANGTONG E-COMMERCE CO., LTD., SHENZHEN KONSDA TECHNOLOGY CO., LTD., SHENZHEN LAUDTEC ELECTRONICS CO., LTD., SHENZHEN LENGTHKEY TECHNOLOGY CO., LTD., SHENZHEN MERRYCOO INDUSTRIAL CO., LTD., SHENZHEN MYDEAR SILICONE PRODUCT CO., LTD., SHENZHEN PIPIBAILV TECHNOLOGY CO., LTD., ~~SHENZHEN SAIOUER TECHNOLOGY CO., LTD.~~, SHENZHEN SHENGKE AUTOMATION EQUIPMENT CO., LTD., SHENZHEN SMARTIBM INDUSTRY CO., LTD., SHENZHEN TAIJIXIANG TECHNOLOGY COMPANY LIMITED, SHENZHEN UMKU TRADING CO., LTD., SHENZHEN XINTU SILICONE RUBBER PRODUCTS CO.,LTD, SHENZHEN YIYUE INDUSTRY AND TRADE CO., LTD., SHENZHEN YOUWEIYOUPIN TECH CO., LTD., SHENZHEN ZHIZHI BRAND INCUBATION CO., LTD., SHIJIAZHUANG CEARTH IMP & EXP

CO., LTD., SHIJIAZHUANG YOUEN TECHNOLOGY CO., LTD., SHOP4426029 STORE, SHOP5132075 STORE, SHOP911134294 STORE, SPEC-TECH (XIAMEN) CO., LTD., TAIZHOU FU SAN SHU HANDICRAFT CO.,LTD., UTILLER (XIAMEN) IMP.&EXP. CO., LTD., WEIQU TONGXUN (GUANGZHOU) E-COMMERCE CO., LTD., WENZHOU TIMES ARTS&CRAFTS CO., LTD., WUHAN XINGBO TECHNOLOGY CO., LTD., WUXI CHRT ELECTRONIC TECHNOLOGY CO., LTD., XIAMEN 10TREES NETWORK TECHNOLOGY CO., LTD., XIAMEN GAOXINCHENG SILICONE COMPANY, XIAMEN GEXUAN SUPPLY CHAIN MANAGEMENT CO., LTD., XIAMEN GOEPP NETWORK TECHNOLOGY CO., LTD., XIAMEN HIPIE INDUSTRIAL CO.,LTD, XIAMEN LVBIKE TRADING CO., LTD., XIAMEN MY-GIFT TECHNOLOGY CO., LTD., XIAMEN SUNGLAN IMP. & EXP. CO., LTD., XIAMEN TINTOP INDUSTRIAL CO., LTD, XINXIANG HITON TECHNOLOGY CO., LTD., XINXIANG QUCHUANG TOYS CO., LTD., XUZHOU ZIFEIYU IMPORT AND EXPORT TRADE CO., LTD., YINIJIN STORE, YIWU BAIGE CRAFTS CO., LTD., YIWU CHUANGYU ARTS AND CRAFTS CO.,LTD., YIWU HONGXIN TRADE CO., LTD., YIWU JIN'AN E-COMMERCE CO., LTD., YIWU LEADING IMPORT AND EXPORT CO., LTD., YIWU LIXUN TRADING CO., LTD., YIWU QINGRAN CHILDREN'S PRODUCT CO., LTD., YIWU QIUWEI ARTWARE CO., LTD., YIWU SHANGGU E-COMMERCE CO., LTD., YIWU WUQIU TRADING CO., LTD., YIWU ZHUOXUAN PLASTIC & SILICONE PRODUCTS CO., LTD., ZHAOQING ZHUOXING SILICONE PRODUCT CO., LTD., ZHEJIANG MULTISTAY INDUSTRY CO., LTD and ZHONGSHAN MX SILICONE RUBBER MODEL FACTORY,

*Defendants*

**GLOSSARY**

| Term | Definition |
| --- | --- |
| **Plaintiff or FoxMind** | FoxMind Canada Enterprises Ltd. |
| **Defendants** | Changsha Fusheng Trading Co., Ltd., Changsha Runfeng Electronic Commerce Co., Limited, Changzhou Xichen Diao Textile Co., Ltd., Chengdu Lanpinsheng International Trade Co., Ltd., Chongqing Mengyigou Electronic Commerce Co., Ltd., Chongqing Zhengfeng Technology Co., Ltd., Cutiecare Store, Dong Guan Boutique Living Product Co., Ltd., Dongguan Bogao Silicone Products Co., Ltd., Dongguan City Rewin Gift Company Limited, Dongguan Meinuo Crafts Co., Ltd., Dongguan Qiaotou Dongshang Silicone Rubber Mold Products Factory, Dongguan Sancai Paper Co., Ltd., Dongguan Shengdao Silicone Rubber Products Co., Ltd., Dongguan Shero Sports Goods Co., Ltd., Dongguan Tianwei Precise Silicone Products Co., Ltd., Dongguan T-Nice Silicone Technology Co., Ltd., Dongguan Ustar Gifts Co., Ltd., Dongguan Wellfine Silicone Products Co., Ltd., Dongguan Xinyue Technology Co., Ltd., Dongguan Youhang Rubber & Plastic Products Co., Ltd., Dongguan Zhencai Trading Co., Ltd., ~~Dongyang Ruifeng Commodity Co., Ltd.~~, Foshan Janmart Decoration Materials Company Limited, Foshan Lqjp Trading Co., Ltd., Foshan Quzhongdai Electronic Technology Co., Ltd., Fujian Tuojiang IOT Technology Co., Ltd., Guangzhou Rhing Trading Co., Ltd., Guangzhou Sunup Houseware Co., Ltd., Guangzhou Yimai Trading Co., Ltd., Haining Hongmo Technology Co.,ltd., Haining Jinhu Import & Export Co., Ltd., Hangzhou Dongwang Technology Co., Ltd., Hangzhou Tonghe Toys Co., Ltd., Hangzhou Watersy Houseware Products Co., Ltd., Hangzhou Yishang Clothing Co., Ltd., Hangzhou Zhulianbihe Cross Border E-Commerce Co., Ltd., Hangzhou Zirui Trading Co., Ltd., Henan 1st Century Robot Co., Ltd., Huizhou Dingli Silicone Rubber Products Co., Ltd., Huizhou Huayusi Technology Co., Ltd., Huizhou Suan Technology Co., Ltd., i am groot Store, Ji'an Zhicai Packing Products Co., Ltd., Jiangxi Ruida Shangdian Garment Co., Ltd., Jinhua Suoyi E-Commerce Co., Ltd., Jinhua Yifan Arts And Crafts Co., Ltd., Jinjiang Oden Import&Export Co., Ltd, kezan Store, Kunshan Chuangheshuang Automation Equipment Co., Ltd., |

|  | Mystical wisdo Store, Nanjing Litamei Environmental Protection Equipment Co., Ltd., Ningbo Beilun Happyfoam Craft Co., Ltd., Ningbo Seasons Import And Export Co., Ltd., Ningbo Vancham Bags & Gifts Co., Ltd., Ningbo Yinzhou Yuanjun Imp. & Exp. Co., Ltd., No Stress Store, Pop it officiaI Store, Popfidget Toy Store, Protect Healthy Store, Quality boutique Store, Quanzhou Numberone Textile Technology Co., Ltd., Quanzhou Riquan Trading Co., Ltd., Shandong Runyang Supply Chain Management Co., Ltd., Shangcheng County Haibaoda Trading Co., Ltd., Shanghai Qichang Trading Co., Ltd., Shanghai Yexiang Network Technology Limited Company, Shantou City Chenghai Area Yicheng Toys Factory, Shantou City Longhu District I Want To Play Toy Wholesale Department, Shantou Hongtian Environmental Protection Technology Co., Ltd., Shantou Qilong Toys Co., Ltd., Shantou Sunyok Toys Technology Co., Ltd., Shenzhen Cymay Gifts & Packaging Factory, ~~Shenzhen Dingfeng Chuangyi Technology Co., Ltd.~~, Shenzhen Ekarich Industries Co., Ltd., Shenzhen Emiry Trading Company Ltd., Shenzhen Fandtai Technology Company Limited, Shenzhen Futian District Yidetong Trade Firm, Shenzhen Guangming Qiyehe Trading Firm, Shenzhen Hanwan Foreign Trade Co., Ltd., Shenzhen Haodaxin Technology Co., Ltd., Shenzhen Heng Yi Xin Technology Co., Ltd., Shenzhen Heng You Feng Electronic Technology Co., Ltd., Shenzhen Jing Tian Household Commodity Co., Ltd., Shenzhen Kaichuangtong E-Commerce Co., Ltd., Shenzhen Konsda Technology Co., Ltd., Shenzhen Laudtec Electronics Co., Ltd., Shenzhen Lengthkey Technology Co., Ltd., Shenzhen Merrycoo Industrial Co., Ltd., Shenzhen Mydear Silicone Product Co., Ltd., Shenzhen Pipibaily Technology Co., Ltd., ~~Shenzhen Saiouer Technology Co., Ltd.~~, Shenzhen Shengke Automation Equipment Co., Ltd., Shenzhen Smartibm Industry Co., Ltd., Shenzhen Taijixiang Technology Company Limited, Shenzhen UMKU Trading Co., Ltd., Shenzhen Xintu Silicone Rubber Products Co.,Ltd, Shenzhen Yiyue Industry And Trade Co., Ltd., Shenzhen Youweiyoupin Tech Co., Ltd., Shenzhen Zhizhi Brand Incubation Co., Ltd., Shijiazhuang Cearth Imp & Exp Co., Ltd., Shijiazhuang Youen Technology Co., Ltd., Shop4426029 Store, Shop5132075 Store, |

|  | Shop911134294 Store, Spec-Tech (xiamen) Co., Ltd., Taizhou Fu San Shu Handicraft Co.,ltd., Utiller (Xiamen) Imp.&Exp. Co., Ltd., Weiqu Tongxun (Guangzhou) E-Commerce Co., Ltd., Wenzhou Times Arts&Crafts Co., Ltd., Wuhan Xingbo Technology Co., Ltd., Wuxi CHRT Electronic Technology Co., Ltd., Xiamen 10trees Network Technology Co., Ltd., xiamen gaoxincheng silicone company, Xiamen Gexuan Supply Chain Management Co., Ltd., Xiamen Goepp Network Technology Co., Ltd., Xiamen Hipie Industrial Co.,Ltd, Xiamen Lvbike Trading Co., Ltd., Xiamen My-Gift Technology Co., Ltd., Xiamen Sunglan Imp. & Exp. Co., Ltd., Xiamen Tintop Industrial Co., Ltd, Xinxiang Hiton Technology Co., Ltd., Xinxiang Quchuang Toys Co., Ltd., Xuzhou Zifeiyu Import And Export Trade Co., Ltd., YINIJIN Store, Yiwu Baige Crafts Co., Ltd., Yiwu Chuangyu Arts And Crafts Co.,ltd., Yiwu Hongxin Trade Co., Ltd., Yiwu Jin'an E-Commerce Co., Ltd., Yiwu Leading Import And Export Co., Ltd., Yiwu Lixun Trading Co., Ltd., Yiwu Qingran Children's Product Co., Ltd., Yiwu Qiuwei Artware Co., Ltd., Yiwu Shanggu E-Commerce Co., Ltd., Yiwu Wuqiu Trading Co., Ltd., Yiwu Zhuoxuan Plastic & Silicone Products Co., Ltd., Zhaoqing Zhuoxing Silicone Product Co., Ltd., Zhejiang Multistay Industry Co., Ltd and Zhongshan MX Silicone Rubber Model Factory |
|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary |

| | |
|---|---|
| | restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Capon Dec.** | Declaration of David Capon in Support of Plaintiff's Application |
| **Supp. Capon Dec.** | Supplemental Declaration of David Capon in Further Support of Plaintiff's Application |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiff's Application |
| **Supp. Ioannou Dec.** | Supplemental Declaration of Karena K. Ioannou in Further Support of Plaintiff's Application |
| **Pop It Products** | A soothing tactile toy and smart bubble popping game designed to stimulate children's senses and develop logic and reasoning skills |
| **Pop It Mark** | U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28 |
| **FoxMind Products** | A variety of toys and games that offer mind stimulating fun while developing reasoning skills, spatial logic and other skills associated with science, technology, engineering, and math (STEM) |
| **Counterfeit Products** | Products bearing or used in connection with the Pop It Mark, and/or products in packaging and/or containing labels bearing the Pop It Mark, and/or bearing or used in connection with marks that are confusingly similar to the Pop It Mark and/or products that are identical or confusingly similar to the Pop It Mark |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, |

4

|  | agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on February 2, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on March 18, 2022, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on April 14, 2022 at 3:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on March 31, 2022, Plaintiff filed a letter requesting modification of the TRO;

WHEREAS, on April 1, 2022, the Court entered an Order, *inter alia,* extending the TRO and adjourning the April 14, 2022 Show Cause Hearing to May 11, 2022 at 11:00 a.m. ("April 1, 2022 Order");

WHEREAS, on April 5, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the April 1, 2022 Order on each and every Defendant except Defendants Dongyang Ruifeng Commodity Co., Ltd., Shenzhen Dingfeng Chuangyi Technology Co., Ltd. and Shenzhen Saiouer Technology Co., Ltd;

WHEREAS, on May 11, 2022 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Pop It Mark;

  ii. directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

  iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Pop It Mark to identify any goods or service not authorized by Plaintiff;

  iv. using Plaintiff's Pop It Mark and/or any other marks that are confusingly similar to the Pop It Mark on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

  v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and

Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until

further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' Assets and Defendants' Financial Accounts; and

    iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above and 1(c)(i) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

    ii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account

details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including but not limited to names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

viii. the identities, location and contact information, including any and all e-mail

    addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

  ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute an infringement of the Pop It Mark.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that

        Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute an infringement of the Pop It Mark.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)     delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy

    of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)** of the TRO; or

b) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

    c)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

    d)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at subpoenas@payoneer.com; and

    e)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this  13th  day of      May     , 2022.
New York, New York

*[signature: Vernon Broderick]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE