```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FOXMIND CANADA ENTERPRISES LTD.,                            :
                                                            :
                            Plaintiff,                      :
                                                            :   22-CV-0885 (VSB)
            - against -                                     :
                                                            :        ORDER
                                                            :
BADOUYU INTELLIGENT IOT                                     :
TECHNOLOGY (SUZHOU) CO., et al.,                            :
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Plaintiff FoxMind Canada Enterprises Ltd brings this trademark infringement case alleging that more than 100 defendants sold counterfeit "Pop It" brand toy products on the Alibaba or AliExpress e-commerce platforms. Pending before me are Plaintiff's proposed order to show cause for a default judgment, supporting papers, and supplemental briefing addressing whether Defendants were properly served under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention") and/or the Federal Rules of Civil Procedure. Because the legal issues dispositive to this default motion are currently pending before the Court of Appeals for the Second Circuit, I find it is in the balance of the interests in this case that this matter be STAYED pending resolution of *Smart Study Co., LTD v. Acuteye-US*, No. 22-1810 (2d Cir. Aug. 18, 2022).

On July 21, 2022, Judge Woods issued an Opinion & Order in *Smart Study Co. Ltd. v. Acuteye-Us* ("*Smart Study*"), holding that because "service by email on individuals or entities located in China is not permitted under the [Hague Convention] or the Federal Rules of Civil

Procedure, the defendants were not properly served." No. 1:21-CV-5860-GHW, 2022 WL 2872297, at *1 (S.D.N.Y. July 21, 2022). The court therefore lacked personal jurisdiction over the foreign defendants and the plaintiff's motion for default had to be denied. *Id.* On August 18, 2022, the plaintiff filed a notice of interlocutory appeal. *Smart Study*, No. 1:21-CV-5860-GHW, Doc. 102. Recognizing that the issues in the case "involve substantial concerns regarding the treaty obligations of the United States and the People's Republic of China," Judge Woods stayed *Smart Study* pending resolution by the Second Circuit. *Smart Study*, No. 1:21-CV-5860-GHW, Doc. 103.

In this case—which is brought by the same plaintiff's counsel as in *Smart Study*—I entered a temporary restraining order authorizing alternate service via e-mail on March 18, 2022. (Doc. 4; Doc. 18, at 13–14, 19.) On July 11, 2022, Plaintiff moved for default a default judgment and permanent injunction. (Docs. 29, 30, 31, 32.) On August 5, 2022, given Judge Woods' opinion in *Smart Study*, I ordered Plaintiff to file supplemental briefing addressing whether Defendants were properly served under the Hague Convention and/or the Federal Rules of Civil Procedure. (Doc. 37.) Plaintiff filed this supplemental briefing on August 22. (Docs. 42, 43.) On August 25, I ordered Plaintiff to file a declaration concerning its efforts taken to discover physical addresses for service of process against Defendants in this case. (Doc. 46.) Plaintiff filed that declaration on September 21. (Doc. 49.) I filed similar orders in other similar cases brought by Plaintiff's counsel. *See, e.g.*, *Moonbug Entertainment Ltd., et al. v. Babytee Store, et al.*, 22-cv-2032 (S.D.N.Y. Aug. 25, 2022), Docs. 35, 39; *Marcelo Burlon S.R.L. v. Adidasstore et al.*, 19-cv-11333 (S.D.N.Y. Dec. 11, 2019), Doc. 41; *Marcelo Burlon S.r.l. v. ailei fashion, et al.*, 19-cv-11336 (S.D.N.Y. Dec. 11, 2019), Doc. 66.

"The power to stay proceedings is incidental to the power inherent in every court to

2

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal quotation marks omitted). "Court generally consider five factors in determining whether to stay a proceeding, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Fagan v. Republic of Austria*, No. 08 Civ. 6715(LTS)(JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009) (quoting *In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001)).

I find that the balance of interests in this case favor a stay. Judge J. Paul Oetken recently granted a stay in a similar case brought by Plaintiff's counsel pending resolution of *Smart Study* by the Second Circuit. *Allstar Mktg. Grp., LLC v. akrondh* ("*Allstar*"), No. 21-CV-3621 (JPO), 2022 WL 17324939, at *1 (S.D.N.Y. Nov. 29, 2022). Like Judge Oetken, I find that "[t]hough *Smart Study Co.* and this case are not related matters, a stay is appropriate." *Id.* It is in Defendants' interests that default not be entered before the Second Circuit clarifies Defendants' rights under the Hague Convention and Federal Rules of Civil Procedure. It is likewise in my interest "to receive clarity on whether alternative service via email was sufficient to give [the court] personal jurisdiction over the defendants." *Id.* It is in the interests of non-parties and the public that the Second Circuit clarify the treaty obligations of the United States and the People's Republic of China under the Hague Convention. Finally, although Plaintiff in this case has not sought a stay, as with the plaintiff had in *Allstar*, "[c]larification from the Second Circuit will offer guidance to Plaintiff on how and whether it may serve the motion for default judgment."

*Id.* It is thus in Plaintiff's interest for this proceeding to be stayed.

The Clerk of Court is directed to mark this case as STAYED and terminate any open motions. Within seven days of the Second Circuit's decision in *Smart Study Co., LTD v. Acuteye-US*, No. 22-1810 (2d Cir. Aug. 18, 2022), Plaintiff is directed to file a letter providing a status update on this case, including whether the stay should be lifted and whether further judicial intervention is needed.

SO ORDERED.

Dated: December 7, 2022
      New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge