```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  FOXMIND CANADA ENTERPRISES                                :
  LTD.,                                                     :
                                                            :
                              Plaintiff,                    :   22-cv-0885 (VSB)
                                                            :
                -against-                                   :        ORDER
                                                            :
                                                            :
  BADOUYU INTELLIGENT IOT                                   :
  TECHNOLOGY (SUZHOU) CO., et al.,                          :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      This order sets out the next steps for the adjudication of this matter. On September 22, 2023, Plaintiff filed a letter, (Doc. 66), responding to my order directing a status update on this case, (Doc. 65). In that letter, Plaintiff requests that I lift the stay previously entered in this matter for 50 Defendants and grant Plaintiff's pending request for a default judgment, (Docs. 29–32), as to these Defendants, (Doc. 66 at 4.) Plaintiff further requests that I maintain the stay as to 86 Defendants to permit Plaintiff to conduct additional due diligence on those Defendants' addresses, (*id.* 5).

      "Courts in this District and others have repeatedly found reasonable diligence, and thus an exemption from the Hague Convention, where plaintiff made comparable, or less vigorous, efforts," *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 CIV. 558 (PAE), 2022 WL 3701216, at *7 (S.D.N.Y. Aug. 26, 2022), then those reflected in the Plaintiff's declaration a Doc. 49, and the supplemental declaration appended to the Plaintiff's letter at Doc. 66. Courts have found reasonable diligence where plaintiffs engage in multi-dimensional efforts to

investigate a defendant's address such as mail to physical addresses, internet searches for addresses, in-person visits where possible, and attempted contact by phone and email. *Kelly Toys Holdings, LLC.*, 2022 WL 3701216, at *7 (collecting cases). Here, Plaintiff used an internet search engine to investigate Defendants' addresses, (Doc. 49 ¶ 4), reviewed Chinese business registries, (*id.* ¶¶ 5–6), and conducted mailings to Defendants' addresses using a tracked courier service, (*id.* ¶¶ 9–10). Additionally, while I ordered expedited discovery in this matter to facilitate the identification of Defendants' addresses, (Doc. 6 ¶ 3), that discovery has not yielded usable addresses. (Doc. 66 Ex. A ¶ 3). Thus, at this time, Plaintiff has exercised reasonable diligence to locate Defendants' addresses and has been unable to obtain addresses for 50 Defendants. (Doc. 66 2 n.2.)

As "the Hague Convention does not apply where the address of the person to be served with the document is not known to the party serving process," *In re New Oriental Educ. & Tech. Grp. Inc. Sec. Litig.*, No. 22 CIV. 01014 (JHR), 2023 WL 5466333, at *1 (S.D.N.Y. Aug. 24, 2023), I find no reason to maintain the stay as to those Defendants for whom Plaintiff has been unable to locate addresses for service. Accordingly, the stay in this matter is hereby lifted as to the 50 Defendants identified in Plaintiff's filing at Doc. 66 n.2. Plaintiff shall file new default judgment papers specifically moving for a default against these 50 Defendants at its earliest convenience.[1]

---

[1] Plaintiff's motion for default is currently pending. (Docs. 29–32.) The papers supporting this motion however, including proposed orders, seek a default against all parties in this matter, rather than the subset of those parties

The stay will remain in place as to the remaining 86 Defendants pending further order of the Court. Plaintiff shall provide a status update on its efforts to obtain addresses on the remaining 86 Defendants, and its position on whether the stay should be lifted as to these Defendants by November 10, 2023.

SO ORDERED.

Dated: September 29, 2023
      New York, New York

_____
Vernon S. Broderick
United States District Judge